# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**KENNETH L. SANBORN, PATRICIA V.
SANBORN, SECUREWORKS, LLC,**

      **Plaintiffs,**

**v.**                         **Case No.  8:10-cv-142-T-30MAP**

**JAGEN PTY. LIMITED,**

      **Defendant.**

_____/

## <u>ORDER and NOTICE OF EVIDENTIARY HEARING</u>

Plaintiffs have filed a two count complaint against Defendant Jagen Pty. Limited

("Jagen or "Defendant") alleging intentional or tortious interference with contract (Count I)

and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count

II).  Plaintiffs allege that pursuant to a Mutual Release Agreement between Plaintiffs and

non-party GyroCam Systems, LLC ("GyroCam"), Plaintiffs were entitled to payment by

GyroCam of a deferred participation interest upon a bona fide sale of all or substantially all

of GyroCam's equity securities to an unrelated third party.  At the time that Plaintiffs entered

into the Mutual Release Agreement, Defendant owned a controlling interest in GyroCam,

however, Defendant was not a party to the Mutual Release Agreement.  The Mutual Release

Agreement provided that within ten days of such a sale, Plaintiffs were to receive payment

of the deferred participation interest amount if the sale met certain financial thresholds and

requirements. Plaintiffs were also entitled to certification by GyroCam's certified public accountant as to the calculation of the deferred participation interest.

On August 31, 2009, Defendant and its affiliates sold GyroCam to Lockheed Martin Corporation. However, Plaintiffs allege that it never received a certification as to the calculation of the deferred participation interest from GyroCam's accountant. Instead, Plaintiffs received a purported certification issued by Defendant. Plaintiffs allege that the certification Defendant issued to Plaintiffs was deceptive. Plaintiffs also allege that the certification amounts to the unauthorized practice of accounting. Plaintiffs further allege that Defendant tortiously interfered with Plaintiffs' contract with GyroCam.

This issue is now before the Court on Defendant's Motion to Require Plaintiffs to Post Bond Pursuant to § 501.211(3), Fla. Stat., Pending the Outcome of Litigation, Request for an Evidentiary Hearing, and Incorporated Memorandum of Law (Dkt. 14), Defendant's Motion for Summary Judgment (Dkt. 15), and Plaintiffs' Responses to same (Dkts. 21 and 24, respectively). The Court concludes that Defendant's Motion to Require Plaintiffs to Post Bond should be granted to the extent that an evidentiary hearing should be held on this issue and Defendant's Motion for Summary Judgment should be denied without prejudice to refile after the parties have had an opportunity to engage in discovery.

## DISCUSSION

## I. Defendant's Motion to Post Bond under Fla. Stat. § 501.211(3)

Fla. Stat. § 501.211(3) states:

In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees. This subsection shall not apply to any action initiated by the enforcing authority.

Defendant argues that Plaintiffs' FDUPTA claim is frivolous because Defendant and GyroCam tried to provide Plaintiffs with a certification from PwC, GyroCam's accountant, but PwC would not provide a certification unless Plaintiffs signed its engagement letter, which Plaintiffs refused to sign. Defendant contends that it was attempting to help Plaintiffs by providing a certification of its own as to the net proceeds of the sale and that Plaintiffs knew that Defendant was not purporting to be an accountant. Defendant attaches exhibits to the affidavit of Timothy Muller ("Muller"), Defendant's Chief Financial Officer, which suggest that Plaintiffs were not deceived by Defendant's certification. The correspondence also suggests that Defendant was attempting to assist Plaintiffs in obtaining a certification.

Although Plaintiffs argue that their FDUPTA claim has merit, their response fails to refute the evidence presented in the affidavit of Muller. Accordingly, the Court concludes that an evidentiary hearing should be conducted regarding the appropriateness of a bond and the amount of same. As set forth in *Hamilton v. Palm Chevrolet-Oldsmobile, Inc.*, 366 So. 2d 1233, 1234 (Fla. 2d DCA 1979), the "evidence [at the hearing] must be directed toward the merits of the cause of action which is being prosecuted under the statute." Moreover, if the Court holds that a bond is appropriate, it shall not exceed the amount of damages that

Defendant could reasonably recover from Plaintiffs should Plaintiffs prove unsuccessful in the pursuit of their FDUPTA claim. *Id.*

## II.    Defendant's Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As stated in *Blumel v. Mylander*, 919 F.Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

Plaintiffs point out that Defendant's motion for summary judgment is premature because they have not had an opportunity to conduct discovery. Indeed, Defendant filed its motion for summary judgment a week after it filed its answer and affirmative defenses. And pursuant to local rule 3.05, no discovery should be conducted prior to the parties' case management meeting. Accordingly, Defendant's motion for summary judgment must be denied as premature. The court reached a similar result in *Blumel*, 919 F. Supp. at 423. There, the plaintiff filed a motion for summary judgment "when discovery just began." *Id.* at 429. The court denied the motion for summary judgment as "blatantly premature" after finding that "there has been inadequate time for discovery." *Id.* The court explained, "[i]f the Court were to rule on the merits of [the] motion, such ruling would frustrate the right to factually investigate." *Id.*

Accordingly, Defendant's motion for summary judgment is premature and is denied without prejudice. After the parties have had the opportunity to engage in discovery, Defendant may reassert the arguments contained in its motion for summary judgment.

It is therefore ORDERED AND ADJUDGED that:

1.  An evidentiary hearing is scheduled on **MONDAY, MAY 17, 2010, AT 1:30 P.M.** before James S. Moody, Jr., Sam Gibbons, U. S. Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida for one (1) hour on Defendant's Motion to Require Plaintiffs to Post Bond Pursuant to § 501.211(3), Fla. Stat. (Dkt. 14).

2.    Defendant's Motion for Summary Judgment (Dkt. 15) is hereby denied as

premature.

**DONE** and **ORDERED** in Tampa, Florida on April 28, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2010\10-cv-142.mtbondandmsj.frm