**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KENNETH L. SANBORN, et al.,**

    **Plaintiffs,**

**v.**                                                     Case No.  8:10-cv-142-T-30MAP

**JAGEN PTY. LIMITED,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Jagen Pty. Limited's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law (Dkt. 37) and Plaintiffs' Response in Opposition to Defendant's Motion for Attorneys' Fees and Costs (Dkt. 38).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because an award of fees and costs are not appropriate under the facts of this case.

## BACKGROUND

On January 15, 2010, Plaintiffs filed a two-count complaint against Defendant Jagen Pty. Limited ("Defendant").  Count I was a claim for intentional interference with contract and Count II was a claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

On February 26, 2010, Defendant filed its answer and on March 4, 2010, less than a week later, Defendant filed a motion for summary judgment and motion to require Plaintiffs

to post bond pursuant to Fla. Stat. §501.211(3). Subsequently, the Court entered an Order denying the motion for summary judgment as premature and scheduling an evidentiary hearing on the motion to post bond.

At the May 17, 2010 evidentiary hearing, Plaintiffs verbally dismissed the FDUTPA claim without prejudice, which the Court accepted. As a result, the motion to post bond was denied as moot. Approximately four days later, the parties filed a joint stipulation pursuant to Rule 41(a)(1)(A)(ii), which stated that the parties "stipulate to the dismissal of the above captioned case without prejudice to defendant's right to seek an award of attorney's fees and costs." (Dkt. 33).

Defendant now moves for its fees and costs pursuant to Fla. Stat. §501.2105 and Fed. R. Civ. P. 54(d)(1).

## DISCUSSION

### I. Attorneys' Fees and Costs Pursuant to Fla. Stat. §501.2105

Defendant seeks attorneys' fees pursuant to Fla. Stat. §501.2105, which provides in pertinent part:

> (1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Defendant cites to Florida's general rule that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party within the meaning of statutory or contractual provisions awarding attorneys' fees to the prevailing party in litigation. However, recent Florida case law makes it clear that such an award is inappropriate in a FDUTPA case under these

circumstances because section 501.2105(1) specifically requires a "judgment." *See Black Diamond Properties, Inc. v. Haines*, 36 So. 3d 819 (Fla. 5th DCA 2010).

In *Black Diamond*, the Court held "[i]n this case, attorney's fees cannot be granted to Black Diamond under section 501.2105(1) because judgment is not entered following a voluntary dismissal." *Id.* at 821 (*citing to Nolan v. Altman,* 449 So. 2d 898, 900-01 (Fla. 1st DCA 1984)); *see also Parra v. Mindto Townpack LLC*, 2009 WL 2602678 (S.D. Fla. Aug. 21, 2009) (awarding a defendant prevailing party attorneys' fees under a contractual provision *but not under FDUTPA* following plaintiff's pre-answer dismissal under Rule 41(a)(1)(A)(i)).

Similar to *Black Diamond* and *Parra*, a judgment was not entered in this case. Accordingly, Defendant's request for an award of attorneys' fees and costs pursuant to Fla. Stat. §501.2105 must be denied.

## II.  Costs Pursuant to Fed. R. Civ. P. 54(d)(1)

Defendant also argues that, at a minimum, it is entitled to an award of costs under Fed. R. Civ. P. 54(d)(1). Plaintiffs argue that such an award is inappropriate because the dismissal of the case was pursuant to a joint stipulation under Fed. R. Civ. P. 41(a)(1)(A)(ii). The Court agrees with Plaintiffs.

As set forth herein, the parties entered into a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii). As Plaintiffs point out, in *Johnson v. Pringle Dev. Inc.*, the court held that a defendant was not entitled to recover its costs pursuant to Rule 54, because the court found that a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii) did not render defendant a prevailing party. 2006 WL 2189542 (M.D. Fla. Aug. 1, 2006). Similar to the stipulation in

this case, the stipulation in *Johnson* included language that the defendants reserved their rights to seek their attorneys' fees and costs incurred in connection with defending the action. *Id.* Also, in *Gibson v. Walgreen Co.*, the court, citing in part to *Johnson*, stated that a defendant was not a prevailing party entitled to an award of costs where the parties had entered a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii). 2008 WL 2607775 (M.D. Fla. Jul. 1, 2008).

Accordingly, Defendant's request for an award of costs pursuant to Rule 54 must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Jagen Pty. Limited's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law (Dkt. 37) is hereby DENIED.

2. The Clerk is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 23, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-142.mtfeesandcosts.frm